IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               **Plaintiff,**<br><br>  *-vs.-*<br><br>JOSHUA COKER,<br><br>               **Defendant.** | CASE NO. 1:23-CR-00362<br><br><br>JUDGE: TREVOR MCFADDEN |

**SENTENCING MEMORANDUM**

    Now comes Defendant, Joshua Coker, by and through his undersigned counsel, who hereby submits this Sentencing Memorandum setting forth factors for the Court's consideration in determining an appropriate sentence that is sufficient but not greater than necessary to comply with the statutory directives set forth in 18 U.S.C. 3553(a). Defendant respectfully requests that this Honorable Court consider the factors and arguments contained in this memorandum in determining an appropriate sentence; specifically, one that is sufficient but not greater than necessary to comply with the statutory directives set forth in 18 U.S.C. 3553(a).

    The overriding purposes of sentencing are "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. 3552 (a)(2).

    While the Court "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," the Guidelines are only one of the factors to be considered when

1

imposing a sentence. *Gall v. United States*, 552 U.S. 38, 49, 128 S. Ct. 586, 169 L.Ed. 2d 445 (2007). Here, the purposes of 18 U.S.C 3553 will be served by imposing a sentence at the bottom range of the federal sentencing guidelines contained within the plea agreement.

A sentence based on the plea agreement will adequately deter future criminal conduct as well as protect the public from suffering future harm. The imposition of a sentence in the lower range contemplated by the plea agreement is an adequate punishment for the underlying offenses and will serve as an adequate deterrent protecting the public from future harm.

**A. Mr. Coker's criminal history and application to this case.**

Mr. Coker has a criminal history from a cluster of events, in a dark time in his life, where he admittedly broke the law around 2008 and 2009. Mr. Coker was sentenced and following his release from prison has led a law-abiding life centered around his family and being gainfully employed. The Government baldly complains of Mr. Coker's criminal history being indicative that he has a "disturbing pattern and unwillingness to abide by the law." (Document 34, p.2). His conduct in 2008 does not reflect upon who he is as a person or the changes he had made in his life following his release from incarceration.

The plea agreement leaves open the question as to whether Mr. Coker has a criminal history category of I or II. The Pretrial Services Report found that Mr. Coker is a category II, and overruled Mr. Coker's objections to that calculation. In adopting his objection herein, it remains important to note that under §4A1.2(a)(2) it does not appear that the sentences in question were served consecutively to one another. It is true that both cases were originally sentenced together and sentenced on the same date. However, the original sentence was suspended and, when prison was eventually imposed, the sentences were not run consecutively to each other.

This would remove the points assessed for the two convictions in question altogether as they are older than ten years prior to the events in this matter. If this objection is sustained, the result would be that this sentence is at an Offense Level 8, Criminal History Category I, Zone A offense. In the event that this objection is overruled, the sentence begins its analysis at an Offense Level 8, Criminal History Category II, Zone B offense.

### B.  Determining the appropriate sentence under 18 U.S.C. 3553

Mr. Coker has a number of mitigating factors that support the imposition of a sentence of probation or house arrest.

As this Honorable Court is aware from the facts gathered in the Presentence Investigative Report, Mr. Coker has had a challenging life, which included the death of his cousin in front of Mr. Coker when he was age 15. This propelled Mr. Coker into drugs and alcohol, and for a time he remained clean and sober. However, approximately 15 years later, he relapsed, and that resulted in his criminal history discussed above. Since that time, he has been able to remain completely clean and sober.

This is not an excuse for Mr. Coker's conduct in the underlying case, but rather to demonstrate who he is and the path he has taken in life. Despite the challenges that he has faced, and the problems that he himself has caused, people still believe in him. This is evidenced by the letters in support that have been generated on his behalf. These letters are attached hereto as Exhibits A – E.

Mr. Coker immediately took responsibility for his actions in this case and rather than forcing the Government to go through the time and expense of a grand jury to return an Indictment, agreed to go forward by way of Information. As the pretrial report notes, Mr. Coker has been completely compliant with all of the terms of his pretrial release. It would be anticipated that pretrial services would agree that Mr. Coker has been an easy defendant to supervise. This is indicative of an individual who does not deserve the sentence that the Government currently seeks.

In its sentencing memorandum the Government presents a number of images and videos to support their position that Mr. Coker deserves a seven (7) month sentence for his actions. Mr. Coker does not dispute that he was present on January 6, nor does he claim he is not the person present in those exhibits. However, it is important to judge his conduct and his conduct alone. Mr. Coker did not assault a police officer, nor did he assist in the assault on an officer. Mr. Coker did not deface, vandalize, or in any way destroy government property. Mr. Coker did not assist anyone in vandalizing or destroying property. He is guilty of entering a restricted area and walking through the building, which is certainly a crime in this matter but not the crime the government attempts to paint.

WHEREFORE, for the reasons set forth herein, Mr. Coker prays that this Honorable Court issue a just punishment not greater than necessary in this case and impose a sentence consistent with Mr. Coker's conduct and not the conduct of others.

Respectfully Submitted,

**PATITUCE & ASSOCIATES, LLC**

By: **/s/ Joseph C. Patituce**
Joseph C. Patituce (#0081384)
Attorney for Defendant
16855 Foltz Parkway
Strongsville, Ohio 44149
Phone: (440) 471-7784
Fax: (440) 398-0536
attorney@patitucelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Sentencing Memorandum has been forwarded to all parties via the clerk's office electronic filing on the 17th day of May, 2024.

**By: /s/ Joseph C. Patituce**
Joseph C. Patituce (#0081384)
Attorney for Defendant
