UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 23-CR-362 (TNM) |
| | : | |
| **JOSHUA COKER,** | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT JOSHUA COKER'S MOTION TO TRAVEL

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to Defendant Joshua Coker's motion to travel.

The Government opposes Coker's request to travel to North Carolina for what he represents is his wedding in Rockville, North Carolina and a subsequent beach vacation at the Outer Banks. Coker has been married to his wife for approximately eleven months, since July 13, 2023. The Government submits that permitting Coker to travel to the beach for a vacation is inconsistent with the goals of his sentence of home detention. The Government therefore respectfully requests that this Court deny Coker's motion to travel.

*Procedural Posture*

On January 24, 2024, Coker pleaded guilty to a violation of 18 U.S.C. § 1752(a)(2), Disorderly and Disruptive Conduct in a Restricted Building or Grounds. At the sentencing hearing on May 24, 2024, the Government requested a sentence of 7 months of incarceration, the midpoint of the applicable 4-10 month Sentencing Guidelines range. ECF 34. In fashioning its sentence, this Court enumerated several aggravating factors, including Coker's entry into the Capitol Building within seconds of its initial violent breach, but stated that the Court did not

1

want to derail Coker's employment and recovery from drug addiction by sentencing him to a period of incarceration. Instead, this Court sentenced Coker to a period of 36 months of probation, including eight months of home detention with monitoring.

On June 7, 2024, roughly two weeks after his sentencing, Coker requested permission to travel from Ohio to North Carolina for his wedding and a honeymoon at the Outer Banks. ECF 39.

*Discussion*

Under 18 U.S.C. § 3563(b), the Court may provide conditions of a sentence of a probation, including the condition that a defendant "remain within the jurisdiction of the court, unless granted permission to leave by the court or a probation officer."

Coker "seeks permission to travel for his wedding and honeymoon from July 8, 2024, to July 20, 2024." After a stay at his sister's home, Coker "would leave Rockwell, NC on July 15 and drive to the Outer Banks for his honeymoon." *Id*. Although Coker represents that the purpose of this trip is for his wedding, he has been married for nearly a year.

As noted in the PSR prepared for this case, "Joshua Coker married Christine (nee Hanson) Coker on July 13, 2023." ECF 32 at ¶ 34. Moreover, in a character letter submitted to the Court, Christine Coker acknowledged that she and Coker are already married. ECF 35-1. It therefore appears that, contrary to Coker's representation, this trip is actually a vacation, timed to coincide with his one-year anniversary.

The Government objects to Coker's request to travel to the Outer Banks for a beach vacation. Coker's actions on January 6, 2021 were serious and warrant significant consequences. On January 6, Coker suited up in identity-concealing attire and entered the U.S. Capitol building within seconds of the initial breach of the Senate Wing Doors. He traveled extensively

throughout the Capitol building for roughly 40 minutes, and during that time, made it to a highly sensitive location, the Senate Gallery. Further, Coker's criminal activity on January 6 was not an isolated event; he has sustained 12 prior criminal convictions and is currently facing other pending charges in the Northern District of Ohio.

This Court has demonstrated significant leniency in imposing a sentence of home detention with monitoring instead of an incarceratory sentence. As demonstrated by Coker's extensive criminal history, a meaningful sentence is needed to deter him from future crimes. A two-week vacation is inconsistent with the Court's sentence and would only send a message that Coker's crimes were not serious ones. Coker should be treated like other defendants convicted of serious crimes, and his request to travel for an anniversary celebration and beach vacation should be denied.

## Conclusion

For these reasons, the government respectfully requests that the Court deny Coker's motion to travel.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By:   */s/ Melanie Krebs-Pilotti*
MELANIE KREBS-PILOTTI
Trial Attorney -ATR
601 D Street NW
Washington, D.C. 20530
CA Bar No. 241484
(202) 870-7457
melanie.krebs-pilotti2@usdoj.gov