UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**,

v.

**JOSHUA COKER**,

Defendant.

Case No. 1:23-cr-362 (TNM)

## ORDER

Joshua Coker pleaded guilty to one count of disorderly and disruptive conduct in a restricted building, in violation of 18 U.S.C. § 1752(a)(2). Judgment at 1, ECF No. 37. Last month, the Court sentenced him to 36 months of probation with eight months of home detention. *Id.* at 2–3. The home detention condition restricts Coker to his "residence at all times," except for pre-approved activities like employment, education, or religious services. *Id.* at 3. And another condition requires him to get permission from the Court or his probation officer before leaving the Northern District of Ohio, the judicial district where he is "authorized to reside." *Id.* at 2 (Standard Condition No. 3).

Coker now seeks permission to travel to North Carolina for his wedding and honeymoon. *See* Def.'s Mot. Travel, ECF No. 39. The Court will not grant him permission to do so.

*First*, the Court takes seriously the travel restrictions it imposed as part of Coker's sentence. Coker faced the possibility of one year in prison, and he had an advisory sentencing range of four to ten months' incarceration. *See* 18 U.S.C. § 1752(a)(1); PSR ¶ 106, ECF No. 32. But the Court instead concluded that probation and home confinement were "sufficient, but not greater than necessary, to comply with" the penological justifications in 18 U.S.C. § 3553(a)(2). Allowing Coker to travel to the beach for several weeks would undermine the efficacy of the Court's sentence. A honeymoon is quite incompatible with the intent of home detention.

*Second*, the factual claims underlying Coker's request appear to be untrue.  *Cf.* D.C. Rules of Pro. Conduct 3.3(a)(1).  He says he wants to travel for his "wedding and honeymoon," and claims he would be traveling with "his fiancé[e]."  Def.'s Mot. at 1.  But Coker previously told Probation that he got married last July.  *See* PSR ¶ 74.  Coker's wife previously wrote the Court a letter "on behalf of [her] husband."  *See* ECF No. 35-1.  And the trip Coker envisions coincides with the couple's one-year anniversary.  *See* PSR ¶ 74 (listing July 13, 2023, as the wedding date).  While Coker may wish to celebrate this occasion, he must do so in a manner that complies with his federal sentence.  Defendant is reminded to scrupulously follow his obligations of candor with the Court in the future.

For these reasons, it is hereby

**ORDERED** that Coker's [39] Motion to Travel is DENIED.

**SO ORDERED**.

Dated:  June 21, 2024                                                                TREVOR N. McFADDEN, U.S.D.J.

2