UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | |
| JOSHUA COKER, | Case No. 1:23-cr-362 (TNM) |
| Defendant. | |

**ORDER**

Joshua Coker pleaded guilty to one count of disorderly and disruptive conduct in a restricted building, in violation of 18 U.S.C. § 1752(a)(2). Judgment at 1, ECF No. 37. In May 2024, the Court sentenced him to 36 months of probation with eight months of home detention. *Id.* at 2–4. The home detention condition restricts Coker to his "residence at all times," except for pre-approved activities like employment, education, or religious services. *Id.* at 4. And another condition requires him to get permission from the Court or his probation officer before leaving the Northern District of Ohio, the judicial district where he is "authorized to reside." *Id.* at 3 (Standard Condition No. 3).

Coker now seeks permission to travel to his sister's home in North Carolina from December 25, 2024, through January 5, 2025, for the Christmas and New Year's holiday season. Def.'s Mot. Travel, ECF No. 42. The Government opposes his request. Gov't's Opp'n, ECF No. 43. The Court will deny Coker's Motion to Travel.

The Court takes seriously the travel restrictions it imposed as part of Coker's sentence. He faced up to one year in prison and had an advisory sentencing range of four to ten months' incarceration. *See* 18 U.S.C. § 1752(a)(1); PSR ¶ 106, ECF No. 32. But the Court instead concluded that probation and home confinement were "sufficient, but not greater than necessary, to comply with" the penological justifications in 18 U.S.C. § 3553(a)(2). Allowing Coker to

travel for leisure over the holidays would undermine the deterrence value of home detention and

reduce the efficacy of this sentence.

For these reasons, it is hereby

**ORDERED** that Coker's [42] Motion to Travel is DENIED.

**SO ORDERED**.


Dated:  November 22, 2024                                  TREVOR N. McFADDEN, U.S.D.J.